UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| BAUDAX BIO, INC. | : | Case No. 24-10583 (AMC) |
| | : | |
| Debtor | : | |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 1121(d)
OF THE BANKRUPTCY CODE FOR AN ORDER EXTENDING THE
EXCLUSIVE PERIODS IN WHICH THE DEBTOR MAY
FILE AND CONFIRM A PLAN OF REORGANIZATION**

Baudax Bio, Inc. (the "Debtor"), by and through its counsel, Smith Kane Holman, LLC, hereby moves for the entry of an order extending the exclusive periods during which it may file and confirm a plan of reorganization (the "Exclusivity Motion") and, in support hereof, avers as follows:

**Background**

1. The Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), on February 22, 2024 (the "Petition Date") and continues in possession of its property and operating its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. Baudax Bio was a publicly traded biotechnology company based out of Malvern, Pennsylvania that has primarily focused on the development of two classes of drugs: (1) T cell receptor ("TCR") therapies utilizing human regulatory T cells ("Tregs"), and (2) Neuromuscular Blocking Agents ("NMBs") and an associated reversal agent.

3. The Debtor's primary asset is a portfolio of patents (the "Patent Portfolio") related to its TCR therapies and NMBs, a list of which has been appended to the Debtor's Schedule A/B.

4. From the outset of the case to the present, the Debtor has been actively exploring various forms of monetization of the Debtor's Patent Portfolio in order to maximize the value available to the Debtor's numerous creditors and shareholders.

5. The Debtor has approximately 200 creditors, including secured, priority, and unsecured creditors. The bar date for non-governmental creditors to file proofs of claim—June 10, 2024—has just passed. As of this date, 65 proofs of claim have been filed. In light of the Debtor's ongoing efforts to monetize its assets, the time required to analyze these proofs of claim, organize the Debtor's creditors into appropriate classes, and formulate a plan of reorganization that contemplates all forms of monetization of the Debtor's assets, the Debtor is requesting an extension of the exclusivity periods under section 1121(b) of the Bankruptcy Code.

## Basis for Relief Requested

6. By the Exclusivity Motion, the Debtor seeks an order pursuant to Section 1121(d) of the Bankruptcy Code: (i) extending the period during which the Debtor has the exclusive right to file a plan of reorganization, from the current expiration date of June 21, 2024 to August 20, 2024; and (ii) extending the period during which the Debtor has the exclusive right to solicit acceptances of such plan from the current expiration date of August 20, 2024 to October 19, 2024.

7. This Motion is the Debtor's first request for an extension of its exclusive periods and represents a proposed extension of 60 days for each period.

8. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a plan of reorganization. Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor files a plan within the 120-day exclusive period, the debtor has 180 days after the

commencement of the case to obtain acceptances of such plan.

9. These exclusive periods afford a debtor a full and fair opportunity to propose a plan of reorganization and to solicit acceptances thereof without disruption to a debtor's efforts to reorganize.

10. Where the initial 120-day and 180-day exclusive periods provided for in the Bankruptcy Code prove inadequate for a debtor to file a plan of reorganization and solicit acceptances thereof, Section 1121(d)(1) of the Bankruptcy Code allows the Court to extend the debtor's exclusive periods for "cause".

11. Although the term "cause" is not defined in the statute, "cause" tends to be a flexible standard designed to balance the competing interests of a debtor and its creditors by affording the debtor an adequate opportunity to negotiate with its creditors a plan of reorganization, while recognizing creditor's rights to have substantial input in the process. No single factor is determinative to establish "cause" for extending a debtor's exclusivity.

12. In the instant case and as explained above, cause for an extension of exclusivity exists because the Debtor needs additional time to analyze the claims of creditors, organize its creditors into appropriate classes, and craft a plan of reorganization that can accommodate various forms of monetizing the Debtor's intellectual property.

13. It would be premature (at best), as well as a waste of time, effort and resources, including judicial resources, to require the Debtor to file a plan by June 21, 2024 to maintain its right to exclusivity.

14. The Debtor should be afforded a full and fair opportunity to negotiate, propose, and seek acceptances to a confirmable plan of reorganization. The Debtor believes that the extension of the exclusive periods is warranted and appropriate under the circumstances and

should be granted. It is submitted that the extension requested will not prejudice the legitimate interests of any creditor and will likely afford parties in interest an opportunity to pursue to fruition the beneficial objectives of a consensual reorganization.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order in the form attached granting the relief requested herein and such other and further relief as this Court may deem just and proper.

SMITH KANE HOLMAN, LLC

Date: June 17, 2024

By: */s/ Nicholas M. Engel*
Nicholas M. Engel, Esquire
David B. Smith, Esquire
112 Moores Road, Suite 300
Malvern, PA 19355
(610) 407-7215 Phone
(610) 407-7218 Fax
*Counsel to the Debtor*